UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CIERRA DUNN, VERCHON DEBROSSARD, MICHAEL KLINGENBERG, TRENTAE FUGATE, CAMERON LARD, SOPHIA JACOBSEN, JIVONTE JOHNSON, JAYVIONE LEWIS, MAKENZIE MOLER, JAQUAN PATTON, JOSHUA PETEFISH, TYLER ROBINSON MCCUDDIN, EMMA TIMBERLAKE, HARRISON WOODS, and TONY YOUNG,<br><br>  Plaintiffs,<br><br>vs.<br><br>JOHN DOE 1 – 20, BRIAN BUCK, BRANDON HOLTAN, CHRIS HARDY, BRENDAN EGAN, JEREMY BETTS, TYLER PALMER, JARED UNDERWOOD, DAVE CHIODO, MARK WESSELS, TIMOTHY COUGHENNOWER, BENJAMIN MCCARTHY, THOMAS GARCIA, DANIEL DEMPSY, BRAD HOOK, SCOTT NEWMAN, NICK SMITH, ADAM HERMAN, TODD WILSHUSHEN, KEN CALLAHAN, JAMES GRIMES, JACOB LOVELL, BRYAN BACH, DANIEL DEMPSEY, MYLES SCHRAGE, RYAN ARMSTRONG, TRUDY PAULSON, TYLER MOFFATT, JACOB HEDLUND, KYLE GRUVER, NICHOLAS VALENTINE, DEB VANVELZEN, JEREMY SPRAGUE, CLARK ALLEN, ERNESTO ESCOBAR HERNANDEZ, CHAD NICOLINO, JEFFREY GEORGE, BRADLEY YOUNGBLUT, JAKE FORRESTER, KIRK BAGBY, DANA WINGERT, CITY OF DES MOINES, IOWA, POLK COUNTY, IOWA, CITY OF WEST DES MOINES, IOWA, CITY OF JOHNSTON, CITY OF PLEASANT HILL, and CITY OF ALTOONA, IOWA,<br><br>  Defendants. | Case No. 4:21-cv-0053<br><br>**BRAD HOOK, NICK SMITH, KEN CALLAHAN, JACOB LOVELL, BRYON BACH, AND POLK COUNTY, IOWA'S REPLY TO PLAINTIFFS' RESISTANCE TO PRE-ANSWER MOTION TO DISMISS** |

**COME NOW** Brad Hook, Nick Smith, Ken Callahan, Jacob Lovell, Bryon Bach, and Polk County, Iowa (hereinafter "Polk County Defendants") and for their Reply to Plaintiff's Resistant to their Pre-Answer Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submit the following.

### I. *Monell* Liability against the County.

In its Motion, Polk County sought dismissal of the claims against it based upon its *Monell* liability for maintaining a custom, practice, policy, of procedure which is responsible for depriving individuals of their civil rights. In their Resistance, Plaintiffs admit that the sole policy at issue stems from an email sent by Assistant County Attorney Jeffrey Noble *after* the arrests at issue. Plaintiffs seek to avoid the obvious implication of this subsequent action, by speculating that this email is evidence of a pre-existing policy. There is a couple of problems with this conjecture. First, Plaintiffs have selectively and purposefully ignored the prefatory language in the email. ACA Noble opined that law enforcement should use this charging language "*where appropriate.*" *See* Ex. 1 (emphasis added). Nothing in the plain language of the email could reasonably lead to an inference of a condoning a practice of malicious prosecution. Second, the email solely concerns the offenses and charging language for individuals already arrested. Nothing in the email or "policy" discusses grounds for arrest or the use of force during such arrests. To claim this is a policy responsible for unlawful arrest or the excessive use of force, is not a reasonable inference from this email, even at this nascent stage. Any claim for *Monell* liability should be dismissed.

### II. Claims Against the Individual Officers are Based on an Unreasonable Inference.

In their motion the individually named County Defendants, Brad Hook, Nick Smith, Ken Callahan, Jacob Lovell, and Bryon Bach sought dismissal of the numerous counts against them for illegal seizure, excessive force, malicious prosecution, false arrest/imprisonment, assault and battery, and negligence. As stated in the accompanying memorandum the only specific

2

accusations concerning these named officers is that they are members of Metro Star team and "upon information and belief participated" in the arrests of many of the named Plaintiffs. Plaintiffs infer the unarticulated participation of these officers solely based upon their membership on these Metro Star teams. *See* Resistance [Doc. 95] pp. 7, 9.

While Plaintiffs are certainly correct that this case is at its infancy and they need not articulate every allegation with scientific precision, they nevertheless must articulate more against these individuals than simply their status as members of Metro Star. Plaintiffs have gone to great lengths to articulate the chaotic events of May 30 and 31. As they have well-articulated, this Amended Complaint differs greatly from the typical unlawful seizure, excessive force complaint. It also differs greatly from the cases cited by both parties wherein officers were granted summary judgment based upon the plaintiffs failure to articulate and offer evidence of their "participation" in their arrests. *See, e.g., Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 736–37 (11th Cir. 2010); *Rodriguez v. City of New York*, 291 F. Supp. 3d 396, 410 (S.D.N.Y. 2018); *Howard v. Scholberle*, 907 F. Supp. 671, 682 (S.D.N.Y. 1995). Each of those cases concerned a distinct law enforcement action concerning a recognizable group of officers. Each officers' "participation" in the finite action could reasonably inferred through their presence and meet initial pleading requirements. *See, e.g., Brown*, 608 F. 3d at 729 (concerning an arrest in a Wal-Mart parking lot); *Rodriguez*, 291 F. Supp. 3d at 403–04 (concerning a narcotics sting operation); and *Howard*, 907 F. Supp. At 674 (concerning the forcibly entry and search of a Manhattan apartment). That is not the situation presented here.

As conveyed by the Plaintiffs, the events relevant to the Amended Complaint are not distinct—they occurred over the course of many hours across multiple blocks of downtown, the East Village, and the State Capitol. Under the circumstances presented by the Plaintiffs and presumed to be true, it is not reasonable to infer that all officers within a unit "participated" in the actions of other officers. Under the theory articulated in the Resistance, every law

enforcement officer present in these areas could be properly named Defendants at this stage in the proceedings.

Plaintiffs, in the midst of discovery with other parties, choose to amend their Complaint and name these officers individually. This is not a small matter. Being named in a federal, civil rights lawsuit has real consequences for these officers. While Plaintiffs are at the initial pleading stages with the Polk County Defendants, this action was initiated over a year ago. Significant discovery between the Plaintiffs and other defendants, including discovery about the Metro Star units, has already been conducted. And yet, the County Defendants are individually named based on mere supposition. There must be a good faith, reasonable basis for their inclusion—other than mere status on the Metro Star team. Without more, Plaintiffs have failed to meet the basic pleading requirements to withstand a Motion to Dismiss.

**WHEREFORE** Polk County Defendants respectfully pray this Court grants its Pre-Answer Motion to Dismiss and grant any and all other relief deemed appropriate.

Respectfully Submitted,

JOHN P. SARCONE
POLK COUNTY ATTORNEY

*/s/ Meghan Gavin*
Meghan Gavin  AT0008949
Assistant Polk County Attorney
111 Court Avenue, Ste. 340
Des Moines, IA 50309
Telephone:  515-286-3341
Fax:  515-286-3314
Meghan.Gavin@polkcountyiowa.gov

ATTORNEY FOR BRAD HOOK, NICK SMITH, KEN CALLAHAN, JACOB LOVELL, BRYON BACH, AND POLK COUNTY, IOWA

Moser, Carol J.

---

**From:** Jeffery K. Noble <Jeff.Noble@polkcountyiowa.gov>
**Sent:** Sunday, May 31, 2020 1:02:01 PM
**To:** Nicolino, Chad M. <CMNicolino@dmgov.org>
**Cc:** Kate Clark <Kate.Clark@polkcountyiowa.gov>; Jessica Molina <Jessica.Molina@polkcountyiowa.gov>
**Subject:** RE: Okay, VERY minor tweak of the language, but let's go with the plan. . .

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Okay, I talked to booking at the jail. They will need a new or amended booking sheet on each inmate. (The guy at the jail thought those were saved in Tracs and would be easy to update).

For those that we tried before to charge with Criminal Mischief, he said we could just leave that charge (Criminal Mischief) listed on the revised booking sheet, but cross it out, so they have a record that we decided not to file it.

Jeff

**From:** Nicolino, Chad M. <CMNicolino@dmgov.org>
**Sent:** Sunday, May 31, 2020 12:54 PM
**To:** Jeffery K. Noble <Jeff.Noble@polkcountyiowa.gov>; George, Jeffrey W. <jwgeorge@dmgov.org>; Buck, Brian P. <BPBuck@dmgov.org>
**Cc:** Kate Clark <Kate.Clark@polkcountyiowa.gov>; Jessica Molina <Jessica.Molina@polkcountyiowa.gov>
**Subject:** RE: Okay, VERY minor tweak of the language, but let's go with the plan. . .

Jeff

Thanks for the update. WE will start working on the submittal of new charges and reviewing the arrests up to the 0230 hrs timeframe. If you need updated bookers, we can take care of that as well. Just let us know. Thanks

Chad M. Nicolino
Sergeant
Crimes Against Persons Section
Des Moines Police Department
515-237-1554
cmnicolino@dmgov.org

**From:** Jeffery K. Noble <Jeff.Noble@polkcountyiowa.gov>
**Sent:** Sunday, May 31, 2020 12:51 PM
**To:** Nicolino, Chad M. <CMNicolino@dmgov.org>
**Cc:** Kate Clark <Kate.Clark@polkcountyiowa.gov>; Jessica Molina <Jessica.Molina@polkcountyiowa.gov>
**Subject:** Okay, VERY minor tweak of the language, but let's go with the plan. . .

1

**EXHIBIT 1**

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

. . . Rioting, Failure to Disperse, Unlawful Assembly using this language where appropriate. . .

> *Defendant was a member of a group (of WELL over three people) that assembled to protest allegations of racism and police brutality. Initially, the protest was peaceful. The protests evolved to rioting in the late evening of hours of May 30, 2020 into the early morning hours of May 31, 2020 with many of the remaining participants engaging in violent, intimidating and destructive behavior.*
>
> *Police officers clearly, loudly and repeatedly instructed all participants to disperse.*
>
> *Despite those instructions, Defendant willfully stayed among the group that remained. This group was engaging in assaultive conduct, the intimidation of people and destruction of property. The participants barricaded public streets. Private businesses and public buildings were damaged with spray-paint. Windows were shattered. Fires were started and rocks were thrown at people including police officers. Citizens working in the area were afraid for their safety.*
>
> *This destruction was open, extensive and obvious, yet the defendant willfully remained among the group of persons responsible for this conduct all of which occurred in the City of Des Moines, Polk County, Iowa.*

We will wait on criminal Mischief.

Next issue is what to do about the booking sheets at the jail. If you can work on getting the complaints submitted, I will see what they need.



**Jeff Noble**
Bureau Chief, Intake Division
Polk County Attorney's Office
Address: 222 5th Avenue, Des Moines, IA 50309
Phone: (515) 286-2159
Email: Jeff.Noble@polkcountyiowa.gov | www.polkcountyiowa.gov/attorney/

2