UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **CIERRA DUNN et. al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**JOHN DOE 1 – 20 et. al.,**<br><br>Defendants. | CASE NO. 4:21-cv-53<br><br>**REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 37** |

**COMES NOW** the Plaintiffs and hereby provide this Reply to Defendants' Resistance:

## Argument

**I.  The requested disciplinary records are relevant to a matter in controversy**

Discovery is intended to allow parties to obtain information on any "matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of discovery is broadly construed to effectuate this goal, functioning as an "investigatory tool intended to help litigants gain an understanding of the key persons, relationships, and evidence in a case." *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014). It is not limited solely to matters or materials that will eventually be admissible; rather it extends to all "information essential to the proper litigation of all relevant facts." *Jochims v. Isuzu Motors, Ltd.*, 145 F.R.D. 507, 509 (S.D. Iowa 1992). Where a party claims that discovery is so irrelevant as to fall outside the scope of discovery, that party bears the burden of proving so. *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000). Defendants cannot meet that burden.

1

### A. OPS records are relevant to identifying officers

In arguing that Plaintiffs' requests are irrelevant, Defendants do not address the fact that DMPD OPS conducted interviews of 60 officers regarding their activities *on the night in question*. (DCD 101-2 at 5 (listing individuals interviewed by OPS in an attempt to identify John Doe defendants). Several of the officers who were interviewed are defendants in this case. Others are potential witnesses. They presumably were interviewed by OPS because there was reason to believe they had information about inappropriate actions taken by officers on the night in question. Plainly, what these officers told OPS would help Plaintiffs "gain an understanding of the key persons, relationships, and evidence in a case." *Sentis*, 763 F.3d at 926.

### B. All of the requested discovery is relevant to Plaintiffs' claims of indifferent training and supervision

Defendants claim that Plaintiffs' request for the disciplinary records of officers involved in the events of this case constitutes a "fishing expedition" because there is an insufficient nexus between Plaintiffs' excessive force claim and the requested records. (ECF 101-1, at 6-7). However, Plaintiffs' have also alleged that Defendants engaged in deliberately indifferent procedures, patterns, practices, and/or customs regarding policing. (ECF 23-1, at 63, 64). Plaintiffs have further alleged that Defendants are liable for violating Plaintiffs' constitutional rights by "failing to take adequate disciplinary measures against City of Des Moines police officers who violate the civil rights of citizens" and for "failing to adopt a system to identify, track, and monitor problematic police behavior and patterns of unconstitutional conduct" (*Id.*) This Count, just as much as any other, defines the scope of discovery in this case.

One of the primary methods of supervising any employee is though the disciplinary process used by the employer. Evidence of how that employer has utilized this disciplinary process—their policies, practices, and customs, as it were—is squarely relevant to whether those policies, practices, and customs are sufficiently flawed as to create liability. To deflect this fact, Defendants advance two arguments: first, that any records are "afield from the topics for which officers are disciplined", and second, that because "[t]here is no record of any large-scale civil disturbance in the City of Des Moines for which the City Police Department has maintained records other than protests which include this event in 2020" prior disciplinary records are not comparable. (ECF 101-1, at 7, 10). Neither argument is successful.

All records of disciplinary processes are relevant, even those 'afield from' the specific misconduct in this matter. Materials that that can indicate Defendants do not properly conduct disciplinary investigations are relevant regardless of the infraction involved. Evidence that such procedures are regularly flouted is clearly relevant, regardless of the specific claims against an officer. The assertion, if true, that the City of Des Moines maintains no records of prior civil disturbances buttresses rather than invalidates this fact, as the specific disciplinary records sought by Plaintiffs represent the only record of the policies, practices, and customs relating to Defendants' misconduct. Fed. R. Civ. P. 26(b)(1) (noting that the breadth of discovery should be determined by "considering the importance of the issues at stake in the action [and] . . . the parties' relative access to relevant information"). Records of how this disciplinary process has been applied in the past is not only relevant but fundamental to the Plaintiffs' claims

3

against Defendants. Defendants do not meet their burden of showing that the requested information is irrelevant.

## II. No existing state privilege of confidentiality existed when the requested investigations occurred.

Here, the Defendants seek to apply a state rule of privilege to federal discovery which did not even exist at the time of 1) the events of this suit, and 2) the time when nearly all the requested disciplinary records were generated. Defendants rely upon Iowa Code section 80F.1(20) to assert that, unlike the privileges asserted in *Hansen v. Allen Memorial Hospital*, 141 F.R.D. 115 (S.D. Iowa 1992), the officers here were "promised confidentiality." (ECF 101-1, at 6). Defendants lean on the practical advice from the 7th Circuit that where a "state holds out the expectation of protection to its citizens" such protections should be afforded where they do not unduly infringe on the federal rules of discovery. *Id.* (citing *Memorial Hospital for McHenry County v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981)).

Such expectations of protection do not apply here. Prior to July 1, 2021, Iowa Code section 80F.1 did not contain any provisions making disciplinary records confidential or inaccessible. Iowa Code § 80F.1 (2020). The section was only amended in 2021 to include subsection 20, among other changes. SF 342 (enacted), Iowa Legislature Billbook (June 17, 2021) (https://www.legis.iowa.gov/legislation/BillBook?ga=89&ba=SF%20342). There are no provisions in the legislation which make section 80F.1(20) retroactive. *Id.* Simply put, no individual was 'promised confidentiality' when their disciplinary hearings occurred, and therefore did not have any 'expectation of protection' to weigh against the scope of federal discovery. Absent this assertion by Defendants, all the factors previously briefed by

4

Plaintiffs supporting application of the federal rules of discovery to allow access to the requested disciplinary records control. The Defendants must comply with the discovery requests.

## III. Even if Iowa Code section 80F.1(20) applies Plaintiff can still access portions of the requested records

Iowa Code section 80F.1(20) states that:

> The employing agency shall keep an officer's statement, recordings, or transcripts of any interviews or disciplinary proceedings, and any complaints made against an officer confidential unless otherwise provided by law or with the officer's written consent. Nothing in this section prohibits the release of an officer's statement, recordings, or transcripts of any interviews or disciplinary proceedings, and any complaints made against an officer to the officer or the officer's legal counsel upon the officer's request.

Iowa Code Ann. § 80F.1(20). While this provision does not bar discovery, as noted *supra*, even *if* it were to apply, the limitations of the statue allow Plaintiffs access to the actual final disciplinary reports and any written findings. Section 80F.1(20) expressly makes "an officer's statement, recordings, or transcripts of any interviews or disciplinary proceedings" as well as "any complaints made against an officer" confidential. *Id.* The statute does not exclude any written findings, or results, or summary, or any other terms that could be reasonably construed as an official summary and conclusions resulting from those statements, recordings, or transcripts. The final findings of a disciplinary complaint are outside the scope of Iowa Code section 80F.1(20).

The plain meaning of a statute, where reasonably ascertainable, controls the decisions of the Court. *United States v. I.L.*, 614 F.3d 817, 820 (8th Cir.2010). Outside of the initial complaint or an officers "statement, recordings, or transcripts" of any proceedings, the protections of Iowa Code section 80F.1(20) do not interfere with the reach of discovery. The legislature extensively amended section 80F.1 and is presumed

5

to have known what it was doing when it chose not to exclude the findings of a disciplinary complaint. This makes sense: while the language of a complaint filed by a member of the public might be inflammatory or wildly inaccurate, and a degree of privacy is reasonable for the content of an officer's own words, the actual formal findings in a review have no such issue. "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *I.L.*, 614 F.3d at 820. Defendants must at a minimum provide those records.

## Conclusion

**Wherefore,** Plaintiffs pray the Court grant their Motion to Compel, and any and all other relief in their favor as is just.

> **PARRISH KRUIDENIER DUNN GENTRY BROWN BERGMANN & MESSAMER, L.L.P.**
>
> By: */s/ Gina Messamer*
> Gina Messamer      AT0011823
> 2910 Grand Avenue
> Des Moines, Iowa 50312
> Telephone: (515) 284-5737
> Facsimile: (515) 284-1704
> Email: gmessamer@parrishlaw.com
> **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 14, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

> By: */s/ Gina Messamer*