# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| **CIERRA DUNN et. al.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**JOHN DOE 1 – 20, et. al.,**<br><br>Defendants. | **CASE NO. 4:21-cv-53**<br><br>**MOTION FOR CLARIFICATION OF MSJ RULING RE: COUNT II AS IT PERTAINS TO JOHN DOE DEFENDANTS** |

**COME NOW** the Plaintiffs and for this Motion for Clarification of MSJ Ruling Regarding Count II as it Pertains to John Doe Defendants respectfully state as follows:

1. The Court issued its thorough ruling on the parties' cross motions for summary judgment on April 19, 2023. (ECF No. 217).

2. When considering Plaintiffs' state-law excessive force claims, the Court conducted the qualified immunity analysis for John Doe officers because the John Doe officers' actions would serve "as a predicate for evaluating claims against supervisors and entities." *Id.* at 118. The Court ruled that Plaintiffs Woods and Petefish have viable state-law excessive force claims which may serve as a predicate for respondeat superior liability. *See id.* at 2.

3. The Court then concluded later in its ruling that Plaintiffs are "allowed to proceed with their 'borrowed servant' theory at trial on any claims against John Doe Defendants that have survived summary judgment." *Id.* at 135.

4. Plaintiffs believe that Court's analysis of the respondeat superior issue is correct with respect to the excessive force claims.

5. Plaintiffs believe that there is an oversight in the Court's ruling regarding John Doe predicate liability on their state-law illegal seizure claims (Count II). The Court neglected to address when the actions of a John Doe officer as pled in Count II could serve as a predicate for respondeat superior. The Court's illegal seizure analysis focuses only on the officers identified by name.

6. Based on the Court's illegal seizure analysis, Plaintiffs believe that the following Plaintiffs would have viable respondeat superior claims arising from the alleged illegal seizures committed by Metro STAR/DMPD John Doe, as pled in Count II:

- Harrison Woods (arrested by two John Does)
- Michael Klingenberg (one John Doe assisted Defendant McCarthy in the arrest)
- Makenzie Moler (at least one John Doe assisted in her seizure)
- Joshua Petefish (initially seized by two John Does)
- Sophia Jacobsen (at least one John Doe assisted in her arrest)
- Jivonte Johnson (at least one John Doe assisted in his arrest)
- Emma Timberlake (at least one John Doe assisted in her arrest)
- Tony Young (arrested by at least one John Doe)

(*See* ECF No. 197-1 at 3–4 (explaining how John Doe arresting officers were DMPD or MetroSTAR officers)).

7. Plaintiffs very much appreciate the Court's timely and exhaustive ruling and believe this is the only aspect of the "approximately 800 unique summary judgment rulings" (!) that was unaddressed by the Court.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order clarifying that Plaintiffs Woods, Klingenberg, Moler, Petefish, Jacobsen, Johnson,

Timberlake, and Young survive summary judgment on Count II with relation to the John Doe defendants, for purposes of imposing respondeat superior liability in Count XI.

                              **PARRISH KRUIDENIER DUNN GENTRY BROWN BERGMANN & MESSAMER, L.L.P.**

                              By:   */s/ Gina Messamer*
                                    Gina Messamer       AT0011823
                                    2910 Grand Avenue
                                    Des Moines, Iowa 50312
                                    Telephone: (515) 284-5737
                                    Facsimile: (515) 284-1704
                                    Email: gmessamer@parrishlaw.com
                                    **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 20, 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system and a true copy of the foregoing was served electronically on the attorneys of record.

                              By:   */s/ Gina Messamer*